UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON


CRIMINAL ACTION NO. 02-22-KSF
(Civil Action No. 05-118-KSF)


UNITED STATES OF AMERICA                                    PLAINTIFF


vs.                              **OPINION AND ORDER**


ERIC C. WOLF
  a/k/a/ Charles F. Shores                                   DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the court on the Magistrate Judge's Proposed Findings of Fact and Recommendation [DE #114].  Defendant was apparently in transit when the Magistrate Judge's report was issued and did not receive the report in time to make objections.  Instead, Defendant filed a notice of appeal [DE #117].  This Court is treating the notice of appeal as an objection to all issues so that the matter may proceed.

I.      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Defendant Eric C. Wolf ("Wolf") filed a pro se motion [DE #98] pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence imposed on November 22, 2002, following a jury trial. Wolf was convicted of being a felon in possession of a Ruger .44 Magnum Super Blackhawk revolver and a Remington .22 caliber rifle, and a felon in possession of twenty-three rounds of .44 caliber Magnum shells and five rounds of .22 caliber shells.  For these crimes, he was sentenced to 96 months of imprisonment.  Wolf appealed his conviction, and the Sixth Circuit Court of Appeals affirmed in an unpublished opinion.  *United States v. Shores*, 93 Fed. Appx. 868 (6th Cir. 2004). His conviction became final June 28, 2004.

Consistent with local practice, this matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).  On April 10, 2007, the Magistrate Judge filed his Proposed

Findings of Fact and Recommendation that the motion be denied as lacking in merit [DE #114]. This Court is reviewing the Magistrate Judge's proposed findings of fact and recommendation *de novo* as though objections were made to all.  28 U.S.C. § 636(b)(1)(C).

## II.     ANALYSIS

Wolf raised four claims in his § 2255 motion:  (1) that he should not have been charged and sentenced separately for possession of firearms and possession of ammunition; (2) that his prior convictions were not for crimes of violence, were too old, and were related; (3) that his counsel was ineffective for failure to raise these issues at trial, sentencing and on appeal and was also ineffective for failure to introduce an original photograph at trial; and (4) that his sentence was improper.

### A.     Wolf's Conviction and Sentence for Possession of Firearms and Possession of Ammunition.

Wolf argues that his indictment was "multiplicitous" and his conviction violated the protection against double jeopardy because he was charged with and convicted of possession of firearms by a convicted felon and possession of ammunition by a convicted felon.  The test for determining whether two counts of an indictment are multiplicitous is set out in *Blockburger v. United States*, 284 U.S. 299, 304 (1932):  "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each [count] requires proof of an additional fact which the other does not." In the present case, the government was required to prove for one offense that Wolf possessed firearms and for the other offense that he possessed ammunition.  Each requires proof of an additional fact which the other does not.  Accordingly, there was no violation of the Double Jeopardy Clause.  *Id*.  As the Magistrate Judge noted, this identical issue was addressed in *United States v. Bowyer*, 985 F. Supp. 153 (D. C. Cir. 1997) where the court held:  "A firearm and ammunition are two distinct forms of illegal contraband when possessed by a convicted felon. Thus, the *Blockburger* test is met in this case."  *Id.* at 156.  Moreover, Wolf's sentences for the two

offenses were merged.  *United States v. Throneburg*, 921 F.2d 654 (6th Cir. 1990).  Wolf's related claim that his counsel was ineffective for not raising the double jeopardy issue on appeal is likewise without merit since there was no double jeopardy violation.

> **B.      Allegedly Erroneous Presentence Report**

Wolf argues that his presentence report reflects only one crime of violence and that enhancement of his sentence for two crimes of violence was error.  While Wolf correctly recites the definition for a crime of violence[1] he fails to explain how that definition is not applicable to his prior criminal convictions for four counts of rape of a child and for rape, assault and battery for forcing a male inmate to perform a sex act.  His bare allegation without any factual support is not sufficient to show that an error occurred in his criminal history calculations.

Wolf next argues that these prior convictions were more than ten years old and did not involved a sentence of imprisonment and, therefore, should not have been counted for purposes of enhancement.  The relevant prior convictions were for rape and abuse of a child in May of 1988 for which Wolf received an additional three-year sentence of probation in November 2001 and assault and battery  occurring in May 1994 for which Wolf was convicted and sentenced to three years probation in November 2001.  Wolf was on probation from both of these offenses when he committed the present offense.  The date of commission of the crime is not relevant; instead, it is the date the sentence is imposed.  Moreover, the 2001 sentences were "imposed within ten years of the defendant's commencement of the instant offense" for which he was convicted in 2002.  U.S.S.G. § 4A1.2(e)(2)[2] (2002).  Additionally, a sentence of probation is to be counted as a "prior sentence under § 4A1.1(c)."  U.S.S.G. § 4A1.2(a)(3).  Thus, this claim is without merit.

---

[1]  The definition includes "the use, attempted use, or threatened use of physical force against the person of another," or "conduct that presents a serious potential risk of physical injury to another."

[2]  Guidelines Manual, effective November 1, 2002.

Wolf also claims the offenses listed at paragraphs 44 and 45 are related.  Paragraph 44 lists the offense of rape, assault and battery, Case No. 870226/27, which involved Wolf forcing another male inmate to perform a sex act.  Paragraph 45 lists rape and abuse of a child, Case No. 880040, for Wolf's sexual involvement with his eleven-year old stepson in the summer of 1987.  These crimes occurred at different times and places and involved different victims.  Wolf offers no evidence that the crimes were consolidated.  His allegations that the offenses had the same docket number, occurred on the same occasion, and were part of a common scheme or plan are refuted by the record.

Finally, Wolf's claim that his counsel was ineffective for not objecting to these portions of his presentence report and to the sentence imposed as a result is without merit.  Counsel is not ineffective for failing to object to something that is not objectionable.

### C.      Ineffective Assistance of Counsel

Wolf recognizes the test for a claim of ineffective assistance of counsel as set out in *Strickland v. Washington*, 466 U.S. 668 (1984) [DE #98, Memorandum pp. 11-12].  Wolf must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that "counsel's errors were so serious as to deprive the defendant of a fair trial."  *Id.* at 687.

Wolf makes several additional allegations of ineffective assistance of counsel.  First, he claims counsel did not advise him regarding the strength of the government's case, the elements of the offenses or the possible benefit of a plea bargain.  The Magistrate Judge determined from the record, however, that a plea agreement had been reached, but that Wolf had decided at the last minute that he preferred to go to trial.  Wolf's bare allegations to the contrary are not sufficient to warrant habeas corpus relief on this ground.

Second, Wolf claims counsel was ineffective for not seeking a continuance to obtain "favorable evidence" consisting of a photograph of Wolf wearing a handgun in a holster.  He argues

the original photograph of he and his wife in western costume, a copy of which he attaches to his petition, would have discredited the testimony of Roger Daniel that Wolf was wearing "a black holster gun belt with a revolver in it that appeared identical to the holster and revolver that was located on the gun rack." [DE #98, p. 12]. The Magistrate Judge notes that the photograph was not removed from the wall when Wolf was arrested, and Alicia Wolf testified at trial that it was still there. Obviously, Alicia Wolf could easily have offered the photograph as part of her testimony if it really would have been helpful. Wolf never claims that the gun in the photo and the one on the gun rack were different. Thus, it appears that the original photo would have *supported* Daniel's testimony, rather than discredit it. Moreover, the absence of the photo allowed counsel to infer in closing argument that the gun in the photo was a toy gun provided by the photographer when Wolf and Alicia went to Tennessee and put on cowboy uniforms. It further provided an argument on appeal that the testimony of Officer Daniel was inadmissible without the photograph. *Shores*, 93 Fed. Appx. at 869-70. Thus, the failure to introduce the photograph appears to be an intentional aspect of defense counsel's trial strategy to raise doubt in the minds of the jury and to create an issue on appeal.

"A strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire trial with obvious unfairness." *Miller v. Webb,* 385 F.3d 666, 672-73 (6th Cir. 2004) (quoting *Hughes v. United States*, 258 F.3d 453, 457 (6th Cir. 2001)). "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. Wolf has failed to provide any evidence that counsel's strategy was unsound, much less that he was prejudiced by it.

### D.    Wolf's Sentence

In addition to his claims regarding the enhancement of his sentence, Wolf argues that he was sentenced at the highest end of an improper range.  The Magistrate Judge correctly notes that Wolf's history classified him as a sexual predator, and the Court found that he was a danger to society and needed to be sentenced at the top range.  Wolf also contends his 96-month sentence is not reasonable and requests reconsideration under *Apprendi v. New Jersey*, 533 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004) and *Booker v. United States*, 543 U.S. 220 (2005).  As the Magistrate Judge discussed, *Apprendi* is not applicable since Wolf's sentence did not exceed the statutory maximum allowable.  *Blakely* provides no help since it was decided after Wolf's conviction was final, and it did not affect the federal sentencing guidelines.  Lastly, *Booker* is not applicable retroactively to cases that were final on direct review prior to the 2005 decision. *Valentine v. United States*, Nos. 04-2116, 05-1877, (6th Cir. May 14, 2007) ("We hold that petitioners whose convictions became final prior to *Booker* may not rely on *Booker's* rule on collateral review" (Slip Opinion, p. 5)).  Wolf's decision became final in June 2004.  Accordingly, he is not entitled to any relief on this ground.

### E.    Certificate of Appealability

In determining whether a certificate of appealability should issue as to Wolf's claims, the court turns to *Slack v. McDaniel*, 529 U.S. 473 (2000) for guidance:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id*. at 484.  In the present case, the Court determines that Wolf has not presented a close call or one which is "debatable."  Therefore, a certificate of appealability will not issue.

## III.  CONCLUSION

Accordingly, it is ORDERED as follows:

6

1.      The Magistrate Judge's Report and Recommendation [DE #114] is ADOPTED and

        INCORPORATED by reference;

2.      Defendant Wolf's Motion is DENIED and DISMISSED with prejudice;

3.      A Certificate of Appealability shall not issue because the Defendant has not made

        a substantial showing of the denial of any substantive constitutional right; and

4.      Judgment will be entered contemporaneously with this opinion and order in favor

        of the United States.

This May 18, 2007.

**Signed By:**

**_Karl S. Forester_**   *K S F*

**United States Senior Judge**